IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Bernard McFadden, ) | |
| ) | C/A No. 2:15-cv-02507-JMC-MGB |
| Plaintiff, ) | |
| ) | **O R D E R** |
| v. ) | |
| ) | |
| Edward Bittinger, *Captain and/or* ) | |
| *Disciplinary Hearing Officer at Kershaw* ) | |
| *CI*, and Tony Smith, *Captain of Kershaw* ) | |
| *CI, in their individual or personal* ) | |
| *capacities*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The Plaintiff, a prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court upon four Motions to Compel filed by the Plaintiff. (Dkt. No. 36; Dkt. No. 42; Dkt. No. 46; Dkt. No. 50.) For the reasons set forth herein, Plaintiff's First Motion to Compel (Dkt. No. 36) and Third Motion to Compel (Dkt. No. 46) are granted in part and denied in part; Plaintiff's Second Motion to Compel (Dkt. No. 42) is dismissed as moot; and Plaintiff's Fourth Motion to Compel (Dkt. No. 50) is denied.

Rule 37 of the Federal Rules of Civil Procedure provides that if a party fails to respond to discovery, the party seeking discovery may move for an order compelling production. The decision to grant or to deny a motion to compel discovery rests within the broad discretion of the trial court. *See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995) ("This Court affords a district court substantial discretion in managing discovery and reviews the denial or granting of a motion to compel discovery for abuse of discretion.") (citations omitted); *LaRouche v. Nat'l Broad. Co.*, 780 F.2d 1134, 1139 (4th Cir. 1986) ("A motion to compel discovery is addressed to the sound discretion of the district court." (citation omitted)).

1

Before turning to a discussion of each individual motion, the undersigned will briefly review Plaintiff's allegations. Plaintiff alleges that Defendants violated his First Amendment rights "via retaliation for exercising his right of access to court, reasonably causing a chilling effect when instituting disciplinary charges and denying him privileges." (Dkt. No. 1 at 3 of 6.) Plaintiff alleges that in March of 2014, after he requested copies, "one law library officer Nathan Branham charged [Plaintiff] with abuse of privileges." (*Id*.) Plaintiff asserts he has filed many grievances and lawsuits and that "many inmates and staff of Kershaw are/were aware of Plaintiff's legal activities prior to Officer Branham's filing charges of abuse of privileges against Plaintiff." (*Id*.) Plaintiff alleges that Defendants Smith and Bittenger were involved in the disciplinary process on that charge and denied him visitation, canteen, and use of the phone for 90 days. (*Id*. at 3-4 of 6.) Plaintiff contends that "the sole intentions Mr. Smith and Mr. Bittinger had when ordering" these sanctions against Plaintiff was "to cause a chilling effect or otherwise to prevent him from requesting copies in a timely manner that would have allowed him to file additional discovery in light of a court-ordered deadline" in a different federal case. (*Id*. at 4 of 6.)

In addition to his claim that Defendants violated his First Amendment rights, Plaintiff alleges that prior to his disciplinary hearing in March of 2014, Defendant Smith "informally resolved two white inmates Norman Olson, #163378, and his former roommate Dennis Brown with extra duty for more serious charges of possession of contraband," while "offering Plaintiff (20) days of good time with (10) days loss of privileges for less severe charges of abuse of process." (*Id*.) Plaintiff contends that he, as a black inmate, was punished more severely than white inmates whose charges were more serious than Plaintiff's charges. (*Id*. at 4-5 of 6.)

### A.     **First Motion to Compel (Dkt. No. 36)**

In his First Motion to Compel, Plaintiff complains about nearly all of the Defendants' Responses "to Plaintiff's Discovery Styled as 'Requests for Production, and Upon Inspection, Requests for Interrogatories and Admissions with Declaration in Support.'" (*See* Dkt. No. 36; Dkt.

No. 36-1.) Defendants filed a Response in Opposition to Plaintiff's First Motion to Compel. (*See* Dkt. No. 38.)

In his "Argument #1," Plaintiff complains that, contrary to Defendants' assertions, he has not received the documents Bates Labeled SCDC 1 through SCDC 103. (*See* Dkt. No. 36 at 1 of 8; *see also* Dkt. No. 36-1.) The undersigned has no way to verify whether or not Plaintiff did, in fact, receive such documents. Accordingly, Defendants shall file documents Bates Labeled SCDC 1 through SCDC 103 with the Court, and they shall send another copy of these documents to Plaintiff.

In "Argument #3," Plaintiff complains about Defendants' responses to his Request Numbers 7 and 8. (*See* Dkt. No. 36 at 2 of 8; Dkt. No. 36-1 at 5 of 14.) In their Responses, Defendants asserted that it was "unclear what document(s) the Plaintiff is requesting." (Dkt. No. 36-1 at 5 of 14.) In their Response in Opposition to the Motion to Compel, Defendants note that these discovery requests pertain to Warden Reynolds, who is not a party to this litigation. (Dkt. No. 38 at 5 of 9.) Defendants are correct that Warden Reynolds is not a defendant in the case *sub judice*. (*See generally* Compl.) In these discovery requests, Plaintiff appears to be asking for discovery related to the Warden's alleged "deliberate indifference" in "refus[ing] to discipline Defendants Smith and Bittinger." (*See* Dkt. No. 36-1 at 5 of 14.) Such requests are beyond the scope of discovery. As noted herein, Warden Reynolds is not a defendant, and how she handled Plaintiff's grievances concerning her alleged lack of investigation of officers is not relevant to the case *sub judice*. *See* FED. R. CIV. P. 26(b)(1) ("Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the

Constitution.") To the extent Plaintiff seeks documents above and beyond what is included within Bates Labeled SCDC 1 through SCDC 103, Plaintiff's motion is denied as to Requests 7 and 8.

Plaintiff asserts in "Argument #4" that Defendants "have not shown or explained how" the at-issue requests are "overreaching, unduly burdensome, irrelevant, and of no probative value." (Dkt. No. 36 at 2 of 8.) Presumably the requests Plaintiff references in this argument are Request Numbers 9, 10, and 11. (*See* Dkt. No. 36-1 at 6-7 of 14.) Request Numbers 9 and 10, and the corresponding responses, are as follows:

> 9. Produce, seal and deliver to the assigned judges in this case SCDC Form 19-106, Informal Resolution Form dated 7/20/2015 by Defendant Smith for white inmate Freddie Puckett, #358367 on a Level 3 Offense for Possession of Contraband, Offense Code 817.
>
> **RESPONSE: Defendants object to this request as overreaching, unduly burdensome, irrelevant, and of no probative value given the claims stated in Plaintiff's Complaint. Plaintiff's request concerns a separate disciplinary incident, removed in space and time from the events alleged in the Complaint, and unrelated to any named Defendant in this litigation**.
>
> 10. Produce, seal and deliver to the assigned judges on this case SCDC kiosk request #15-833121 dated 9/30/15, Puckett admitting Smith gave a lighter sanction of canteen restrictions and counseling for contraband and/or other charges to white inmate Puckett, #358307.
>
> **RESPONSE: Defendants object to this request as overreaching, unduly burdensome, irrelevant, and of no probative value given the claims stated in Plaintiff's Complaint. Plaintiff's request concerns a separate disciplinary incident, removed in space and time from the events alleged in the Complaint, under a different Warden, and unrelated to any named Defendant in this litigation.**

(Dkt. No. 36-1 at 6 of 14.) Although Defendants note that Inmate Puckett is not a party to this lawsuit and assert that he "is not referenced in the Plaintiff's Complaint," Defendants state that they "have obtained certain documents with regards to Inmate Freddie Puckett and these documents are being produced as a supplemental production to Plaintiff." (Dkt. No. 38 at 5 of 9; *see also* Dkt. No. 38-6.) Plaintiff has not asserted any problem with this supplementation. Accordingly, with respect to Request 9 and 10, Plaintiff's First Motion to Compel is denied. As to Request 11, Plaintiff's motion

4

is denied; the request pertains to how Warden Dunlap did or did not discipline Officer Smalls. Neither Dunlap nor Smalls are defendants herein, and Request 11 is beyond the scope of discovery.

Plaintiff's "Argument #4" also apparently relates to Requests 18, 19, and 20. (*See* Dkt. No. 36-1 at 9-12 of 14.) Those requests, and the corresponding responses, are as follows:

> 18. Produce, seal and deliver sworn affidavit or declaration under penalty of perjury showing the ratio of black, white and Hispanic inmates housed in Sycamore and Magnolia A and B, and Hickory C and D wings, to demonstrate that officials generally have a custom or policy of discrimination in housing inmates disguised as a program.
>
> **RESPONSE: Defendants object to this request. Under the Federal discovery rules, Defendants are not obligated to create documents not otherwise in existence for the purpose of responding to a party's discovery requests, or to perform Plaintiff's own legal work for him. Defendants further object to the request as overreaching, overly broad, unduly burdensome, and irrelevant. Plaintiff alleges that the named Defendants in this suit were motivated by matters of race or retaliation with regards to specific decisions made in relation to the events of March 11, 2014. The Defendants in this case have no role in making agency-wide decisions about inmate housing, and an affidavit as requested by the Plaintiff would have no evidentiary value in proving Plaintiff's allegations in this case.**
>
> 19. Produce, seal and deliver sworn affidavit o[r] declaration under penalty of perjury showing the ratio of black, white and Hispanic [inmates] housed in Oak A, B and Palmetto A and B wings to demonstrate officials generally have a custom or policy of discrimination in housing inmates disguised as a program.
>
> **RESPONSE: Defendants object to this request. Under the Federal discovery rules, Defendants are not obligated to create documents not otherwise in existence for the purpose of responding to a party's discovery requests, or to perform Plaintiff's own legal work for him. Defendants further object to the request as overreaching, overly broad, unduly burdensome, and irrelevant. Plaintiff alleges that the named Defendants in this suit were motivated by matters of race or retaliation with regards to specific decisions made in relation to the events of March 11, 2014. The Defendants in this case have no role in making agency-wide decisions about inmate housing, and an affidavit such as requested by the Plaintiff would have no evidentiary value in proving Plaintiff's allegations in this case.**
>
> 20. Produce, seal and deliver sworn affidavit or declaration under penalty of perjury showing the ratio of black, white and Hispanic inmates that work for Kershaw's maintenance crew to demonstrate that officials generally have a custom or policy of discrimination in jobs for prisoners.

> **RESPONSE: Defendants object to this request. Under the Federal discovery rules, Defendants are not obligated to create documents not otherwise in existence for the purpose of responding to a party's discovery requests, or to perform Plaintiff's own legal work for him. Defendants further object to the request as overreaching, overly broad, unduly burdensome, and irrelevant. Plaintiff alleges that the named Defendants in this suit were motivated by matters of race or retaliation with regards to specific decisions made in relation to the events of March 11, 2014. The Defendants in this case have no role in making agency-wide policy decisions about inmate work crews, and an affidavit such as requested by the Plaintiff would have no evidentiary value in proving Plaintiff's allegations in this case.**

(Dkt. No. 36-1 at 9-11 of 14.)

Plaintiff's first Motion to Compel is denied with respect to Requests 18, 19, and 20. As Defendants have argued, they are not required to create documentation for Plaintiff, nor is the requested documentation relevant to Plaintiff's claims against the Defendants in the case *sub judice*, Defendants Edward Bittinger and Tony Smith. *See* FED. R. CIV. P. 26(b)(1).

Plaintiff's "Argument #2" relates to his Request No. 15. (*See* Dkt. No. 36 at 1 of 8; *see also* Dkt. No. 36-1 at 8 of 14.) Request No. 15, and the corresponding response, are as follows:

> 15. Produce, seal and deliver to the assigned judges in this case SCDC Forms 19-29A and 19-69 (Officer Hooper's Incident Reports and the related charges, if any, documented on SCDC Forms 19-69 for Olson and Brown for contraband).
>
> **RESPONSE: Defendants are in the process of determining if the referenced document(s) exists and if the Defendants have access to them. If so, they will be produced to the Court. The inmate agrees not to receive these documents directly for security reasons**.

(Dkt. No. 36-1 at 8 of 14.)

While the undersigned agrees with Defendants that they have not waived their objections, it is unclear to the undersigned whether documents responsive to Request 15 exist. Accordingly, Defendants shall file a status report within 10 days of the date of this Order indicating whether such documents exist; if they exist, such documents must be provided to the Court within that same ten-day period. Plaintiff's motion is granted with respect to Request 15.

In his "Argument #5," Plaintiff complains about Defendants' response to Request 16 and Request 17. (Dkt. No. 36 at 4 of 8; *see also* Dkt. No. 36-1 at 8-9 of 14.) In Requests 16 and 17, Plaintiff seeks production of transcribed copies of two disciplinary hearings. (Dkt. No. 36-1 at 8 of

6

14.) Defendants' responses indicate they are not in possession of a transcript as to Request 16. (Dkt. No. 36-1 at 8 of 14.) To the extent Plaintiff asserts Defendants should be required to transcribe the hearings, the undersigned disagrees. Defendants are not obligated to provide Plaintiff with a transcript that they do not possess. As to Request 17, Defendants' responses indicate the response may be supplemented, as they "are in the process of determining if the referenced document exists in any form." (Dkt. No. 36-1 at 9 of 14.) It is unclear whether Defendants have supplemented their response as to Request 17; accordingly, Plaintiff's motion is granted as to that request. Plaintiff's motion is denied as to Request 16.

Plaintiff references his "Argument #4" and "Argument #6" with respect to his Requests 21 and 22. (*See* Dkt. No. 36-1 at 11 of 14; *see also* Dkt. No. 36 at 2-5 of 8.) Requests 21 and 22, and the corresponding responses, are as follows:

> 21. Produce copy of page of log book for Magnolia B wing showing Officer Sanders documented dirty barbercide on 12/22/2012 presented to her by white inmate Jack Allen, #_____, after which McFadden was later removed from the barbershop; if objected to on security grounds, produce seal and deliver to the assigned judges in this case.
>
> **RESPONSE: Defendants object to this request as overreaching, unduly burdensome, and irrelevant. Plaintiff has established no conceivable connection between the above request and the allegations of his Complaint.**
>
> 22. Produce copy of log book for Magnolia B wing showing Officer Young documented an order from Mr. Adams on 12/28/2012 concerning McFadden and Allen, instructions not to let Allen work in barber shop; if objected to on security grounds, produce, seal and deliver to assigned judges.
>
> **RESPONSE: Defendants object to this request as overreaching, unduly burdensome, and irrelevant. Plaintiff has established no conceivable connection between the above request and the allegations of his Complaint.**

(Dkt. No. 36-1 at 11 of 14.)

Plaintiff's motion is denied with respect to Requests 21 and 22. The undersigned agrees with Defendants that these requests have no relevance to the case *sub judice*. Plaintiff attempts to make them relevant by asserting that the court "should consider . . . incidents of denied privileges as a unit." (Dkt. No. 36 at 4 of 8.) Respectfully, the undersigned disagrees. Plaintiff has sued two individuals employed by the South Carolina Department of Corrections, and the documents at issue

7

in Requests 21 and 22 do not pertain to these two individuals. (*See generally* Compl.) In a § 1983 action, "liability is personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). Plaintiff's motion is therefore denied with respect to Requests 21 and 22.

Plaintiff references his "Argument #4" and "Argument #7" with respect to his Requests 23 and 24. (*See* Dkt. No. 36-1 at 12-13 of 14; *see also* Dkt. No. 36 at 2-6 of 8.) In Requests 23 and 24, Plaintiff requests "kiosk reference #15-926777" and "kiosk reference 15-937100"; Plaintiff asserts these documents "demonstrate Defendants' motive for retaliation against Plaintiff for being very litigious." (Dkt. No. 36-1 at 12 of 14.) Defendants objected, asserting the requests were "overreaching, unduly burdensome, and irrelevant." (*Id*.) Defendants further contend that Plaintiff "has established no conceivable connection between the above request and the allegations of his Complaint" and that they "will stipulate that Plaintiff has filed many, many internal complaints, and a number of legal actions." (*Id*.) Plaintiff's motion to compel is granted as to Requests 23 and 24. Contrary to Defendants' argument, Plaintiff alleged in his Complaint that he "has filed numerous cases, grievances and requests voicing his complaints about missing recommended food items and poor quality of foods used" by SCDC and that "many inmates and staff of Kershaw are/were aware of Plaintiff's legal activities" prior to the abuse of privileges charge being filed against him. (Compl. at 3 of 6.) Plaintiff also alleged that Defendants denied him privileges "in an effort to harass and retaliate against him" for his "legal activities." (*Id*. at 3-4 of 6.) In the opinion of the undersigned, the requested documents are within the scope of discovery, and Plaintiff's motion is therefore granted as to Requests 23 and 24.

**B.     Second Motion to Compel (Dkt. No. 42)**

In his Second Motion to Compel, Plaintiff states that on March 18, 2016, he mailed his "First Requests for Interrogatories and Admissions with Declarations" to defense counsel, but Defendants have not responded. (*See* Dkt. No. 42 at 1 of 3; *see also* Dkt. No. 42-1.) Based on subsequent filings in this case, it is clear that Defendants served responses to the at-issue discovery requests on April 26, 2016. (*See* Dkt. No. 46-1.) Accordingly, Plaintiff's Second Motion to Compel (Dkt. No. 42) is dismissed as moot.

8

**C.     Third Motion to Compel (Dkt. No. 46)**

Plaintiff's Third Motion to Compel pertains to Defendants' Responses to Plaintiff's Discovery Styled as "First Requests for Interrogatories and Admissions with Declarations." (*See generally* Dkt. No. 46.)

In his "Argument #1," Plaintiff complains about Defendants' response to Interrogatory Number 2. That interrogatory, and corresponding response, are as follows:

> 2. Indicate whether Mrs. Michaw has access to McFadden's SCDC form 19-11 dated 3/08/2014 with Branham's 3/11/2014 disposition thereon that cites two cases at the bottom left-hand side, McFadden vs. York, case #8:13-cv-2278-JMC-JDA and McFadden vs. Fuller?
>
> **ANSWER:**
> **Defendants are not aware of whether Officer Michaw has access to the document referenced in this Interrogatory. Defendants are aware, however, that the document referenced in this Interrogatory is among those that the Defendants have proffered to Plaintiff pursuant to Defendant's Responses to Plaintiff's Requests for Production, and that Plaintiff subsequently refused to accept on at least two occasions**.

(Dkt. No. 46-1 at 4-5 of 24.)

It is unclear to the undersigned why whether Officer Michaw has access to the specified document is relevant to the case against Defendants Smith and Bittinger. Plaintiff asserts this document "is relevant in that it disputes Branham and Defendants' statement McFadden did not timely request copies by hand-delivering the request on 03/14/2014; or otherwise, he did not follow policies of the law library." (Dkt. No. 46 at 1 of 7.) Plaintiff may be entitled to the production of this document, but the Interrogatory is irrelevant. Defendants asserted they have "already produced a similar or possibly identical document to Plaintiff among previous responses." (Dkt. No. 48 at 3 of 6.) Defendants have already been ordered to file documents Bates Labeled SCDC 1 through SCDC 103 with the Court and to send another copy of these documents to the Plaintiff. If the document referenced in Defendants' response to Interrogatory Number 2 is not contained within those documents, Defendants shall file it with the Court and mail a copy to the Plaintiff. Plaintiff's motion is granted with respect to Interrogatory Number 2.

9

In his "Argument #2," Plaintiff complains about Defendants' response to Interrogatory Number 8. That interrogatory, and corresponding response, are as follows:

> 8. According to SCDC from [sic] 19-106, inmate Freddie Puckett's (#358367) Informal Resolution form dated 7/20/2015, completed by Defendant Smith, indicate the punishment Smith gave Puckett for a much [more] serious level 3 contraband charge?
>
> **ANSWER**:
> **The referenced documents were produced to Plaintiff by Defendants' Supplemental Production of April 4, 2016. The document, if genuine, is the best evidence of its own contents. Plaintiff's Interrogatory erroneously presumes that any Level 3 charge is a more serious offense than a Level 5 offense. As explained in greater length in Defendants' Answers to Interrogatory No. 12 below, SCDC's disciplinary policy generally classifies inmate offenses by placing them in a tiered system. However, the policy provides an overlapping range of disciplinary measures in order to provide flexibility and responsiveness to the individual circumstances of each situation, and to respect the discretionary authority of the responsible authority.**

(Dkt. No. 46-1 at 7-8 of 24.)

Plaintiff essentially complains that he did not receive the at-issue document due to insufficient postage. (Dkt. No. 46 at 2 of 7.) Production of this particular document has been addressed above as Request 9 as to Plaintiff's Discovery Styled as "Requests for Production, and Upon Inspection, Requests for Interrogatories and Admissions with Declaration in Support." Accordingly, there is nothing more for this Court to address with respect to Interrogatory Number 8, and Plaintiff's motion is denied as to that interrogatory.

Plaintiff next takes issue with Defendants' response to Interrogatory Number 9. That interrogatory, and the corresponding response, are as follows:

> 9. According to Step One and Two Grievance # KRCI-1019-15, dated 09/03/2015, alleging McFadden was also a dorm worker after lt. Smalls refused to allow McFadden the privilege to use the canteen–like other dorm workers–indicate what discipline Dunlap imposed on Smalls for refusing to allow dorm worker McFadden to use the canteen?
>
> **ANSWER:**
> **Defendants are not in possession of the referenced form. Per plaintiff's own statements about the document, neither Defendant is referenced therein. The document, if genuine, is the best evidence of its own contents and presumably the answer to the Plaintiff's Interrogatory can be found therein.**

10

(Dkt. No. 46-1 at 8 of 24.) Plaintiff's motion is denied with respect to Interrogatory Number 9. Smalls is not a defendant in the instant case; neither is Dunlap.[1] This discovery request falls outside the scope of discovery.

As to Interrogatory Numbers 10 and 11, Plaintiff contends Defendants did not answer his interrogatory. (*See* Dkt. No. 46 at 3 of 7; *see also* Dkt. No. 46-1 at 8-9 of 24.) The undersigned disagrees–Defendants plainly and clearly answered the at-issue interrogatories. (Dkt. No. 46-1 at 8-9 of 24.) Defendants' response indicates that administrative and informal resolutions are available for Level 3 as well as Level 5 offenses. (*Id.*) Plaintiff's motion is denied as to Interrogatory Number 10 and Interrogatory Number 11.

Plaintiff also claims deficiency with respect to Defendants' answers to Interrogatory Numbers 14 and 15. These interrogatories, and corresponding responses, are as follows:

> 14. According to SCDC form 19-29 and 19-69 (Sgt./Ms. Hooper's incident report and related charges, if any), indicate the name of the charges and the level of the offenses for those charges form Ms. Hooper on Dennis Brown and Normal Olson in March 2014.
>
> **ANSWER:**
> **The Defendants are informed and believe that the information sought in this Interrogatory is to be found on the referenced document itself, and the document is the best evidence of its own contents. To the best of their knowledge, the Defendants are not in possession of the documents identified above, as they do not appear to be related to Plaintiff's circumstances**.
>
> 15. According to SCDC form 19-106 for Norman Olson and Dennis Brown dated 3/14/2014 (Informal and Administrative Resolution forms), indicate the punishment that Smith gave Brown and Olson for their level 3 contraband offenses?
>
> **ANSWER:**
> **Defendants have previously attempted to produce the referenced documents to Plaintiff on several occasions, which Plaintiff has refused to accept. The information sought in this Interrogatory is to be found on the referenced documents themselves, and the documents are the best evidence of their own contents**.

(Dkt. No. 46-1 at 11 of 24.)

---

[1]Plaintiff asserts that "Defendants are part of a wide spread custom or policy of Kershaw prison practices that also discriminate in jobs and housing assignments–not just discipline. . . ." (Dkt. No. 46 at 2 of 7.) Plaintiff's Complaint, however, is not based on alleged discrimination in jobs or housing assignments; his Complaint pertains to discipline. (*See generally* Compl.)

11

Smith is a Defendant in the case *sub judice*, and Interrogatory Number 15 appears to pertain to the allegations of Plaintiff's Complaint. (*See generally* Compl.) Moreover, while Ms. Hooper is not a defendant herein, Interrogatory Number 14 appears related to the "punishment that Smith gave Brown and Olson" referenced in Interrogatory Number 15. (Dkt. No. 46-1 at 11 of 24.) Accordingly, these interrogatories appear to be within the scope of discovery. To the extent Defendants wish to produce documents in responding to these interrogatories in lieu of answering the interrogatories, they may do so. Defendants shall file the responsive documents with the Court, and they shall also send a copy to the Plaintiff. Plaintiff's motion is granted as to Interrogatory Numbers 14 and 15.

Interrogatory Number 18 is also at issue. That interrogatory, and the corresponding response, are as follows:

> 18. According DVD or transcript of McFadden's 02/11/2015 Disciplinary Hearing before Defendant Bittinger, indicate whether Bittenger started [sic] McFadden should have retreated and allowed or taken the beating from a psychotic inmate Rosl Gillard while locked in a cell–contrary to State vs. Williams, 459 S.E.2d 519, 520 (S.C. App. 1995) (stating prisoner confined to cell has not [sic] duty to retreat before using force to defend himself) (citation omitted)?
>
> **ANSWER:**
> **Defendants object to this Interrogatory as irrelevant. The time frame referred to herein (February 2015) occurs well after the events complained of in Plaintiff's Complaint and therefore, could have had no impact on Defendants' conduct in March of 2014.**

(Dkt. No. 46-1 at 13 of 24.)

Plaintiff contends Defendants should be required to answer this interrogatory because "various incidents should be considered as a unit." (Dkt. No. 46 at 4 of 7.) The undersigned disagrees. Plaintiff's Complaint is very specific–he alleges that in March of 2014, Defendants punished him–a black male– more harshly than two white males, when the white inmates' charges were more severe than Plaintiff's charges. (*See generally* Compl.) Interrogatory Number 18 pertains to a different disciplinary hearing conducted almost a year after the hearing at issue. Plaintiff's motion is denied with respect to Interrogatory Number 18.

Plaintiff also complains about Defendants' responses to Interrogatory Numbers 19, 20, and 22. (*See* Dkt. No. 46-1 at 13-15 of 24.) In these interrogatories, Plaintiff requests, *inter alia*, the ratio

of black and white inmates in specified housing locations and the ratio of black and white inmates assigned to various jobs within Kershaw Correctional Institution. (*See id*.) Plaintiff contends this information is relevant because "statistical proof, together with other evidence, can prove discriminatory intent and establish [a] prima facie case of race discrimination." (Dkt. No. 46 at 4-5 of 7.) The undersigned disagrees. Plaintiff has sued two individuals employed by the South Carolina Department of Corrections, and there are no allegations to suggest either of these two individuals have any responsibilities related to housing and/or job assignments of inmates. The requested information is outside the scope of discovery; Plaintiff's motion is denied with respect to Interrogatory Numbers 19, 20, and 22.

Plaintiff contends Defendants' response to Interrogatory Number 21 is also inadequate. This interrogatory, and the corresponding response, are as follows:

> 21. Because this incident should be considered as a unit or with other incidents to demonstrate retaliation via denying privileges within the meaning of Russle vs. Oliver, 552 F.2d 115 (Va. 4th Cir. 1997), indicate whether an incident is logged in Magnolia-B-Side log book by Ofc./Mrs. Young indicating whether white inmate/barber Jack Allen was not to be allowed back into the barber shop per Mr. Adams, but McFadden was ordered from his assigned barber job and made to perform more degrading tasks within the meaning of Dave vs. Rubenstein, 417 Fed. Appx. 317, 319 (W.Va. 4th Cir. 2011), logged on 12/28/2012?
>
> **ANSWER:**
> **Defendants are not in possession of information relevant to this Interrogatory, which did not involve either of the named Defendants and occurred well before the matters complained of in the Complaint.**

(Dkt. No. 46-1 at 14-15 of 24.) Defendants' objection to this interrogatory is a valid one. Plaintiff's Complaint pertains to alleged disparate discipline, not alleged disparate job assignments. Moreover, this interrogatory does not appear to pertain to the named Defendants in this case. Plaintiff's motion is denied with respect to Interrogatory 21.

Plaintiff's objection to Defendants' response to Interrogatory Number 23 is also without merit. (*See* Dkt. No. 46-1 at 15-16 of 24.) This interrogatory, and corresponding response, are as follows:

> 23. Indicate what the following statement of law means in Russle vs. Oliver, 552 F.2d 115, 116 (Va. 4th Cir. 1977): Where prisoner pro se civil rights complaint made various allegations of privileges denied, in support of his complaint of being harassed

13

> because he exercised his right of access to the courts, the allegations should have been considered as a unit, rather than isolated incidents in determining whether there has been a denial of general rights?
>
> **ANSWER:**
> **Plaintiff's Interrogatory requests that Defendants' counsel interpret a statement of law from the <u>Russell</u> case. Defendants decline to respond on the ground that it would be improper for counsel for Defendants in this case to give legal advice to a party opponent.**

(Dkt. No. 46-1 at 15-16 of 24.) Defendants are under no obligation to interpret the law for Plaintiff and, as counsel has noted, doing so would be improper. Plaintiff's motion is denied with respect to Interrogatory Number 23.

Several Requests to Admit are also at issue in Plaintiff's Third Motion to Compel, but Plaintiff's arguments are without merit. (*See* Dkt. No. 46-1 at 18-22 of 24.) As to Request to Admit Numbers 6 and 8, such requests do not pertain to the Defendants in this case. Request to Admit Number 11 pertains to a disciplinary hearing conducted almost a year after the hearing at issue, and it does not appear related to his claim that black inmates are punished more harshly than white inmates. (*See generally* Compl.; *see also* Dkt. No. 46-1 at 20-21 of 24.) Request to Admit Numbers 12, 13, and 14 are related to the race of inmates' housing and/or work assignments. (*See* Dkt. No. 46-1 at 21-22 of 24.) As explained above, the instant case is not about discrimination in housing and/or work assignments, nor is there any allegation or suggestion that the named Defendants have any responsibilities related to housing and/or job assignments of inmates. Request to Admit Number 16 has the same deficiency as Interrogatory Number 23, within which Plaintiff essentially asks Defendants to admit or deny a statement of law. Request to Admit Number 15 pertains to the alleged barber shop incident referenced in Interrogatory Number 21. As noted above with respect to Interrogatory Number 21, Plaintiff's Complaint pertains to alleged disparate discipline, not alleged disparate job assignments, and Request to Admit Number 15 does not appear to pertain to the named Defendants in this case. Plaintiff's motion is denied with respect to all Requests to Admit.

### D.    **Fourth Motion to Compel (Dkt. No. 50)**

Whether Plaintiff's "Second Set of Interrogatories and Admissions with Declaration Upon Receiving Responses on 4/29/2016" was timely appears to be the main disputed issue in Plaintiff's

Fourth Motion to Compel. (*See* Dkt. No. 50; *see also* Dkt. No. 52; Dkt. No. 52-1.) Plaintiff served the at-issue discovery requests on May 3, 2016. (*See* Dkt. No. 50-1 at 3 of 4.)

Local Civil Rule 26.04 provides, *inter alia*, "Pretrial discovery in all civil cases that are exempt under Fed. R. Civ. P. 26(a)(1)(B) must be completed within a period of ninety (90) days following the joinder of issues unless otherwise ordered." Local Civ. Rule 26.04, D.S.C. The instant action is exempt from initial disclosure pursuant to Federal Rule of Civil Procedure 26(a)(1)(B). *See* FED. R. CIV. P. 26(a)(1)(B)(iv) (noting that "an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision" is exempt from initial disclosures). "Joinder of issues occurs when the basic factual and legal questions raised by the parties 'crystallize' i.e., when [the] defendant answers or otherwise responds to the allegations set forth in [the] plaintiff's complaint." *Bachman v. M. Lowenstein & Sons, Inc.*, 85 F.R.D. 10, 12 (D.S.C. 1979). In the case *sub judice*, joinder of issues occurred at the latest on December 16, 2015, when Defendants filed their Answer to Plaintiff's Complaint. (*See* Dkt. No. 20.) Pretrial discovery therefore closed on March 15, 2016. Plaintiff's "Second Set of Interrogatories and Admissions with Declaration Upon Receiving Responses on 4/29/2016" was untimely. Accordingly, Plaintiff's Fourth Motion to Compel (Dkt. No. 50) is denied. *See, e.g., Cash v. Thomas*, Civ. No. 6:12-1278-DCN-KFM, 2013 WL 1826619, at *1 (D.S.C. Apr. 8, 2013) (applying Local Civil Rule 26.04 to a § 1983 plaintiff's "'motion to subpoena witnesses for declarations and affidavits'" and denying it as untimely because it was "an attempt to conduct discovery at this late stage of litigation").

**Conclusion**

It is therefore ORDERED, for the foregoing reasons, that Plaintiff's First Motion to Compel (Dkt. No. 36) is GRANTED IN PART and DENIED IN PART. Specifically, Plaintiff's motion is granted as to the documents Bates Labeled SCDC 1 through SCDC 103; Request Number 15; Request Number 17; Request Number 23; and Request Number 24. Plaintiff's motion is denied as to Request Numbers 7, 8, 9, 10, 11, 18, 19, 20, 16, 21, and 22.

It is further ORDERED that Plaintiff's Second Motion to Compel (Dkt. No. 42) is DISMISSED as moot.

It is ORDERED that Plaintiff's Third Motion to Compel (Dkt. No. 46) is GRANTED IN PART and DENIED IN PART. Specifically, Plaintiff's motion is granted as to Interrogatory Numbers 2, 14, and 15. Plaintiff's motion is denied as to Interrogatory Numbers 8, 9, 10, 11, 18, 19, 20, 22, 21, and 23, as well as all Requests to Admit.

It is ORDERED that Plaintiff's Fourth Motion to Compel (Dkt. No. 50) is DENIED.

To the extent that Plaintiff's motions have been granted, Defendants are directed to **file** the at-issue discovery responses–and serve a copy of those responses upon Plaintiff–within ten (10) days of the date of this Order.

IT IS SO ORDERED.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

November 18, 2016
Charleston, South Carolina