# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Bernard McFadden, #199135, ) | |
| ) | Civil Action No.: 2:15-cv-02507-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Edward Bittinger, *Captain and/or* ) | |
| *Disciplinary Hearing Officer of Kershaw* ) | |
| *CI*; Tony Smith, *Captain of Kershaw CI;* ) | |
| *in their individual or personal capacities*; ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Bernard McFadden ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this instant action ("Complaint," ECF No. 1) pursuant to 42 U.S.C. § 1983 alleging that Defendants Edward Bittinger and Tony Smith (hereinafter collectively referred to as "Defendants") violated his constitutional rights by denying him certain privileges.[1] (ECF No. 1 at 3.) Defendants filed a Motion to Dismiss for Lack of Prosecution under Rules 37 and 41, Fed. R. Civ. P. ("Motion to Dismiss," ECF No. 39) and a Motion for Summary Judgment (ECF No. 43).

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02, the matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial handling. On January 13, 2017, the Magistrate Judge issued a Report and Recommendation ("Report," ECF No. 63) recommending the court grant Defendants' Motion for Summary Judgment (ECF No. 43), find Defendants' Motion to Dismiss (ECF No. 39) moot, and dismiss the Complaint (ECF No. 1). This review considers Plaintiff's Objections to the Report and Recommendation

---

[1] Plaintiff alleges that visitation, canteen, and use of phone privileges were denied to him in retaliation for Plaintiff's legal activities. (ECF No. 1 at 4.)

1

("Objections") filed January 30, 2017. (ECF No. 66.) For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 63), **GRANTS** Defendants' Motion for Summary Judgment (ECF No. 43), **DISMISSES** the Complaint (ECF No. 1) with prejudice, and **DENIES** Defendants' Motion to Dismiss (ECF No. 39) as moot.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This court concludes, upon its own careful review of the record, that the Magistrate Judge's factual synopsis is accurate and incorporates it by reference. This court will thus focus on the facts pertinent to the analysis of Plaintiff's Objections.

Plaintiff is presently incarcerated at the Kershaw Correctional Institution ("Kershaw") of the South Carolina Department of Corrections ("SCDC"). Plaintiff alleges that on March 11, 2014, while in the process of requesting legal documents, he was charged with abuse of privileges. (ECF No. 1 at 3.) Plaintiff asserts that because of the charge, Defendants denied him visitation, canteen, and use of phone privileges. (*Id*. at 4.) Plaintiff alleges that the charge and subsequent loss of privileges[2] were in retaliation for his legal activities. (*Id*.) Plaintiff also alleges that he was racially discriminated against by Defendants. (*Id*. at 4-5.) Plaintiff seeks a jury trial to determine if Defendants unconstitutionally restricted his rights. (*Id*. at 5.)

Plaintiff filed the instant action on June 23, 2015, alleging First and Fourteenth Amendment constitutional violations because of Defendants' restriction of privileges in retaliation for Plaintiff's legal activities. (ECF No. 1 at 3.) Defendants, after filing an Answer on December 16, 2015 (ECF No. 20), filed a Motion to Dismiss for Lack of Prosecution under Rules 37 and 41, Fed. R. Civ. P. on April 19, 2016 (ECF No. 39), and a Motion for Summary Judgment on April 29, 2016 (ECF No. 43). On May 25, 2016, Plaintiff filed his Response in

---

[2] On April 15, 2014, Warden Cecilia Reynolds overturned the abuse of privileges charge and lifted the imposed sanctions against Plaintiff. (ECF No. 43-15.)

Opposition. (ECF No. 47.) On June 2, 2016, Defendants filed a Reply (ECF No. 49) to Plaintiff's Response in Opposition. On June 13, 2016, Plaintiff filed an Affidavit in Opposition and a Response in Opposition (ECF No. 51), and on December 12, 2016, filed a Supplemental Response (ECF No. 59). On December 19, 2016, Defendants filed a Reply (ECF No. 60) to Plaintiff's Supplemental Response in Opposition.

On January 13, 2017, the Magistrate Judge issued a Report, recommending the court grant Defendants' Motion for Summary Judgment, and dismiss Plaintiff's Complaint. (ECF No. 63 at 14.) Judge Baker's Report found that Plaintiff failed to show Defendants' conduct adversely affected Plaintiff's access to the courts (*Id.* at 8), or that a causal relationship existed between Defendants' conduct and Plaintiff's constitutional activity (*Id.* at 9). The Report also dismissed Plaintiff's characterization that he was discriminated against based on race, finding that white inmates Norman Olsen and Dennis Brown were not similarly situated. (*Id.* at 11-12.) Finally, the Report recommends finding Defendants' Motion to Dismiss moot because Defendants were entitled to summary judgment. (*Id.* at 14.) On January 30, 2017, Plaintiff filed Objections to the Report, where he raises fifteen objections to the Magistrate Judge's Report.[3] (ECF No. 66.) On February 13, 2017, Defendants filed a Reply (ECF No. 67) to Plaintiff's Objections.

## II.  LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge's Report is only a recommendation to this court, and has no presumptive weight—the responsibility to make a

---

[3] A *pro se* prisoner's pleading is deemed "filed" at the moment of delivery to prison authorities for forwarding to the district court. *See Houston v. Lack*, 487 U.S. 266, 271 (1988). Because Plaintiff's Objections were received by Kershaw mailroom January 27, 2017, they are considered timely.

3

final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. *Id*. The court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). If the plaintiff fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

Additionally, *pro se* filed documents should be "liberally construed," held to a less stringent legal standard than those complaints or proceedings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, even liberally construed, objections to a Report must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b)(2).

### III. DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) "the

4

violation of a right secured by the Constitution and laws of the United States" and (2) this violation "was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In his Objections, Plaintiff rejects the Report's finding that there was no issue of fact in regard to retaliation, arguing circumstantial evidence, case law, and inmate affidavits support his claims. (ECF No. 66 at 3-5) Plaintiff further argues that the denial of privileges is more than a "*de minimis* inconvenience," (*id*. at 4) and that Defendants discriminated against him on the basis of race when sanctioning him.[4] (*Id*. at 6-9.) If Plaintiff's constitutional rights were violated through retaliation by Defendants, then Plaintiff would be allowed to seek relief under § 1983, thus giving the court original jurisdiction under § 1331. However, the court concludes that Plaintiff has not shown that Defendants violated Plaintiff's constitutional rights, and further finds Plaintiff has not supported his claims of racial discrimination.

Plaintiff asserts that he has satisfied the second prong of the Report's three prong retaliation test, arguing that Defendants' sanctions were not "*de mimimis*," and had a "chilling effect" on his rights (*id*. at 3), thus proving Defendants' actions "adversely affected [his] First Amendment rights."[5] In support of this claim, Plaintiff mainly relies on *Hart v. Hairston*, where the Fifth Circuit Court of Appeals ("Fifth Circuit") held, in part, that an inmate's punishment of "27 days of commissary and cell restrictions" constituted an "adverse act" when done in

---

[4] A few of Plaintiff's objections dispute the Report's factual summary (*id*. at 1, "Objection 1"), the Report's use of "may" instead of "will" when referring to an SCDC policy (*id*. at 2, "Objection 2"), and the failure of the Report to mention certain arguments Plaintiff had previously made (*id.*, "Objection 3"). However, the court finds that none of the above objections relate to Plaintiff's constitutional or discrimination allegations against Defendants, and therefore need not consider them.

[5] To recover for First Amendment retaliation, a plaintiff must show: "(1) [he] engaged in protected First Amendment activity, (2) the defendants took some action that adversely affected [his] First Amendment rights, and (3) there was a causal relationship between [his] protected activity and the defendants' conduct." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 499 (4th Cir. 2005). Plaintiff's Objections 4 through 9 relate to the second and third prong of the *Constantine* retaliation factors.

response to the inmate filing a grievance against prison employee Hairston. 343 F.3d 762, 764 (5th Cir. 2003). As Defendants point out in their Response in Opposition, not only is *Hart* not mandatory authority, but the facts in *Hart's* situation are materially different. (ECF No. 67 at 4.) In *Hart*, there is an "immediate and obvious connection between the inmate's complaint and Hairston's disciplinary action. (ECF No. 67 at 4-5.) Here, there is no such obvious connection. In *ACLU of Md., Inc., v. Wicomico County., Md.*, the Fourth Circuit Court of Appeals ("Fourth Circuit") held that a plaintiff, in order to recover for retaliation, must show defendants' conduct resulted in something more than a "*de minimis* inconvenience" to his exercise of his First Amendment rights. 999 F.2d 780, 786 n.6 (4th Cir. 1993); *see also Constantine*, 411 F.3d at 500.

Here, the privilege restrictions against Plaintiff (even if they hadn't been rescinded), did not impact Plaintiff's First Amendment right of access to the courts, even in a *de minimis* capacity. As the Report notes, after Plaintiff's disciplinary conviction, Plaintiff continued to access the law library on March 25, 26, 27, 28, and 31, as well as April 1, 3, 4, 7, 8, 9, 10, 11, 14, and 15. (ECF No. 63 at 8.) Though twenty plus days of privilege restrictions may not be considered *de minimis* in situations like *Hart*, here the focus is on Plaintiff's First Amendment constitutional rights. Plaintiff's constitutional right to access the courts has clearly not been infringed upon.

In trying to satisfy the third prong of the *Constantine* test, Plaintiff attempts to show a causal relationship between his First Amendment constitutional rights and Defendants' conduct by claiming that Defendants rejected Plaintiff's grievance because they found out he was trying to "expose SCDC/Kershaw's crime in *McFadden vs. Fuller*." (ECF No. 66 at 4.) The Report addressed this argument by noting that there was "nothing in the record to support that

6

Defendants were motivated by the desire to silence Plaintiff's [efforts in *Fuller*.]" (ECF No. 63 at 9-10.) Plaintiff does not bring any new information to light in his Objections.

Furthermore, the Fourth Circuit Court of Appeals has mandated that claims of retaliation should be regarded with skepticism, asserting that "*in forma pauperis* plaintiffs who claim that their constitutional rights have been violated by official retaliation must present more than naked allegations of reprisal to survive § 1915(d)." *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994). To state a claim of retaliation under § 1983, a plaintiff must "allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." *Martin v. Blinkley*, No. 4:13-cv-1568-DCN, 2013 WL 5316345, at *4 (D.S.C. Sept. 20, 2013) (quoting *Adams*, 40 F.3d at 75). For Plaintiff to overcome Defendants' Motion for Summary Judgment and the Magistrate Judge's Report, Plaintiff cannot solely rely on mere allegations or accusations.

Plaintiff also disputes the Report's finding that he was not racially discriminated against by Defendants.[6] (ECF No. 66 at 6.) In addition to Affidavits by inmates Norman Olsen and Dennis Brown, Plaintiff points to the disciplinary treatment of several white inmates including Freddie Puckett (*id*. at 6-7, 9), Stefen Harris (*id*. at 7), Anthony Small (*id*. at 8), and Marcus Woods (*id*.) to bolster his argument of discrimination. Specifically, Plaintiff uses Small's and Woods' Affidavits as support to show that Kershaw fostered a "wide-spread-practice to retaliate." [sic] (*Id*.) However, the Equal Protection Clause only requires that "all persons similarly situated should be treated alike*," City of Cleburne v. Cleburne Living Ctr*., 473 U.S. 432, 439 (1985), and specifically in the prison context, "even fundamental rights such as the right to equal protection are judged by a standard of reasonableness…." *Walker v. Gomez*, 370

---

[6] Plaintiff's Objections 10 through 14 deal with his allegations of racial discrimination. (ECF No. 66 at 6-10.)

F.3d 969, 974 (9th Cir. 2004) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)).  Though Plaintiff emphasizes the varying levels of offenses[7], and highlights how some of the above inmates committed more serious offenses than Plaintiff (while receiving perceived lighter punishments), he fails to demonstrate how the referenced white inmates are similarly situated to himself. In his Objections, Plaintiff has not brought forth any new information that would demonstrate Defendants discriminated against him because of his race.

Thus, the court concludes that Plaintiff has failed to state a claim of retaliation under § 1983 and failed to show racial discriminatory behavior on the part of Defendants.  Plaintiff also has not shown a constitutional violation in respect to his treatment by Defendants.  Plaintiff has failed to show a genuine issue of material fact to withstand summary judgment on his claims of retaliation and discrimination.

In regard to Defendants' Motion to Dismiss, the court adopts the Report's recommendation that because Defendants are entitled to summary judgment as a matter of law, Defendants' Motion to Dismiss for Lack of Prosecution under Rules 37 and 41 Fed. R. Civ. P. is moot.

### IV.     CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 63), **GRANTS** Defendants' Motion for Summary Judgment (ECF No. 43), and **DISMISSES** this action (ECF No. 1) with prejudice.  It is further ordered that Defendants' Motion to Dismiss under Rules 37 and 41, Fed. R. Civ. P. (ECF No. 39) is **DENIED** as moot.

---

[7] A Level One Offense would be considered the most serious, while a Level Five Offense would be considered less serious.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 20, 2017
Columbia, South Carolina